JS-6
LINKS: 23, 24

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 12-00556 GAF (OPx) | Date | August 24, 2012 |
|---|---|---|---|
| Title | Lawrence G. Miller et al. v. PNC Bank NA et al. | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**       (In Chambers)

### ORDER REMANDING CASE

Plaintiffs Lawrence G. and Lark Miller bring this action against Defendants PNC Bank, N.A. dba PNC Mortgage, PNC Mortgage Company, PNC Financial Services Group, Inc., and PNC Bank National Association, in connection with non-judicial foreclosure proceedings instituted on their Murrieta, California home. (Docket No. 12, Second Am. Compl. (SAC).) Miller's original state court complaint included a federal cause of action for violation of the Equal Credit Opportunity Act (ECOA). (Docket No. 1, Not. of Removal, Ex. 1 [Compl.] ¶¶ 52–55.) Citing this claim and other allegations relating to the Truth in Lending Act (TILA) and Real Estate Settlement Procedures Act (RESPA), PNC removed the action to this Court on the basis of federal question jurisdiction, 28 U.S.C. § 1331. (Id. ¶ 3.) However, the Second Amended Complaint (SAC), to which PNC's motion is directed, has removed all federal causes of action, and contains only stray allegations concerning "Truth in Lending Disclosures." (SAC ¶¶ 18, 25, 35, 39.)

Accordingly, on August 8, 2012, the Court ordered Defendants to show cause as to why the action should not be remanded for lack of subject matter jurisdiction. (Docket No. 23, August 8, 2012 Order.) Defendants filed a timely response on August 22. (Docket No. 24.)

Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "[A] court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action . . . ." Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-00556 GAF (OPx) | Date | August 24, 2012 |
|---|---|---|---|
| Title | Lawrence G. Miller et al. v. PNC Bank NA et al. | | |

2002); see also United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 966 (9th Cir. 2004) ("Here the district court had a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not.").

The Ninth Circuit has held that courts must "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. (quotations and citations omitted).

Under 28 U.S.C. § 1441, a defendant may remove to federal court any state court action arising under the Constitution, treaties, or laws of the United States. 28 U.S.C. § 1441(b); see also 28 U.S.C. § 1331. "Federal district courts have original federal question jurisdiction of actions 'arising under the Constitution, laws, or treaties of the United States.'" Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1371 (9th Cir. 1987). "Generally, a claim 'arises under' federal law only if a federal question appears on the face of plaintiff's complaint." Hyung v. Kim, 2011 WL 1543821, at *1 (C.D. Cal. Apr. 25, 2011) (citing Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Thus, the plaintiff is considered to be the "master of the complaint" and "may defeat removal by choosing not to plead independent federal claims." ARCO Envt'l. Remediation, L.L.C. v. Dep't. of Health and Envt'l Quality of the State of Montana, 213 F.3d 1108, 1114 (9th Cir. 2000) (citation omitted). "However, under the artful pleading rule a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint." Id. (internal quotation omitted). "Since its first articulation . . . courts have used the artful pleading doctrine in (1) complete preemption cases, and (2) substantial federal question cases." Lippitt v. Raymond James Fin. Servs., Inc., 340 F.3d 1033, 1041 (9th Cir. 2003) (internal citations omitted). If a complaint asserts only state law claims, a federal court may still have federal question jurisdiction over the dispute if "some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claim." Rains v. Criterion Sys. Inc., 80 F.3d 339, 345 (9th Cir. 1996).

Defendants contend that the complaint's allegations concerning "Truth in Lending Disclosures" suffice to raise a "substantial federal question." However, as the Court has already laid out, the Ninth Circuit allows a plaintiff to "defeat removal by choosing not to plead independent federal claims." ARCO, 213 F.3d at 1114. District courts in this jurisdiction have routinely held that "the incorporation of allegations regarding TILA is not, by itself, sufficient to confer federal jurisdiction." Valdez v. American Funding, 2010 WL 3464298, at *2 (N.D. Cal. Aug. 31, 2010; Montoya v. Mortgageit, Inc., 2010 WL 546891, at *2–3 (N.D.Cal. Feb. 10, 2010)

**JS-6**
**LINKS: 23, 24**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-00556 GAF (OPx) | Date | August 24, 2012 |
|---|---|---|---|
| Title | Lawrence G. Miller et al. v. PNC Bank NA et al. | | |

(remanding on grounds that references to federal laws such as TILA did not raise "substantial federal question"). This is because, as the Valdez court noted, "resolution of the federal issue . . . will not be dispositive of the case in whole and will not be controlling in numerous other cases." 2010 WL 3464298, at * (citing Empire Health Choice Assurance, Inc. v. McVeigh, 547 U.S. 677, 700 (2006)).

      Accordingly, the Court finds subject matter jurisdiction lacking over this action. The case is therefore **REMANDED** to Riverside County Superior Court.

      **IT IS SO ORDERED.**